**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HOMER PATRICK GONZALEZ,<br>    Appellant, | DOCKET NUMBER<br>AT-0752-15-0228-I-1 |
|        v. | |
| DEPARTMENT OF THE NAVY,<br>    Agency. | DATE: September 21, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Homer Patrick Gonzalez, Summerville, South Carolina, pro se.

Stephen M. Rodgers, Yorktown, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal.  Generally, we grant petitions such as this one only in the following circumstances:   the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2]  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        On October 1, 2014, the agency proposed to remove the appellant from his Materials Handler Inspector position at the Navy Munitions Command Unit on the basis of three charges:  (1) failure to follow instructions (3 specifications); (2) failure to maintain a condition of employment (2 specifications); and (3) leaving his job during working hours without proper authorization (absent without leave).  Initial Appeal File (IAF), Tab 5 at 29-36.  The first charge alleged that, on May 28, 2014, the appellant failed to perform an assigned task (retrieving caulk from a paint locker) and instead switched the brake lines to the reverse position on an explosives-hauling truck.  *Id.* at 31-32.  The second charge alleged that, because the appellant's explosives certification was decertified and later revoked, he failed to meet a condition of his employment and was unable to

---

[2] The appellant also filed a motion for leave to file additional pleadings.  Petition for Review (PFR) File, Tab 6.  In this motion, the appellant is seeking leave to submit a letter describing documents already contained in the record and is asking that the Board review the described documents.  *Id.* at 4.  The appellant has failed to explain how the additional evidence is new because evidence that is already a part of the record is not new.  *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).  Accordingly, the appellant's motion for leave to submit additional evidence is denied.

perform his duties. *Id.* at 32-33. The third charge alleged that, on August 5, 2014, the appellant left work early without proper authorization. *Id.* at 33. The appellant responded to the proposed removal orally and in writing, arguing, among other things, that he had "never done an unsafe act" and that switching of brake lines was not "unsafe" under the standard operating procedures because "a properly operating spring brake chassis . . . will not move with the lines crossed." *Id.* at 24-28. The deciding official imposed the removal effective November 24, 2014. *Id.* at 20-23.

¶3        The appellant filed a timely Board appeal challenging his removal. IAF, Tab 1. In an order and summary of the prehearing conference, the administrative judge set forth the law and burdens of proof applicable to a chapter 75 removal appeal and indicated that the only affirmative defenses raised by the appellant were harmful procedural error and disparate penalties.[3] IAF, Tab 20 at 2-4, 6. The administrative judge ordered the parties to submit any objections or exceptions to the summary within 7 days of the order. *Id.* at 1. Neither party objected to the summary.

¶4        After holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining the charges of failure to follow instructions and failure to maintain a condition of employment and finding nexus between the charges and the efficiency of the service. IAF, Tab 32, Initial Decision (ID) at 3-19. The administrative judge did not sustain the absent without leave charge but found that the deciding official would have imposed the removal penalty on

---

[3] In an April 30, 2015 order, the administrative judge observed that the appellant appeared to raise a number of affirmative defenses, including racial discrimination, gender discrimination, equal employment opportunity retaliation, and whistleblower retaliation, and ordered him to clarify his affirmative defenses no later than the prehearing conference. IAF, Tab 10 at 2-3. In the prehearing conference order and summary, the administrative judge stated that, during the prehearing conference, the appellant confirmed that he did not intend to raise an affirmative defense of whistleblower retaliation or discrimination and that he only intended to raise disparate penalty and harmful error affirmative defenses. IAF, Tab 20 at 5-6. The appellant did not object to this finding below and does not challenge it on review. PFR File, Tab 1.

the basis of the two sustained charges and that removal was not an excessive penalty for those charges. ID at 20-21. The administrative judge further found that the appellant failed to establish his disparate penalty claim and failed to prove that the agency committed harmful procedural error concerning the charges or the penalty. ID at 21-25. Accordingly, the administrative judge affirmed the appellant's removal. ID at 26.

¶5 The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3. On review, the appellant challenges the administrative judge's findings regarding the failure to follow instructions charge and submits new evidence purportedly showing that the factual allegations underlying that charge are untrue. PFR File, Tab 1 at 3-4. The appellant further argues that the agency failed to produce scan sheets, which he argues also would show that the agency's allegations underlying the failure to follow instructions charge are untrue. *Id.* at 3-9.

¶6 As noted above, the first charge of failure to follow instructions is supported by three specifications arising from an alleged incident on May 28, 2014. IAF, Tab 5 at 29, 31-32. The first specification alleges that on that date, the appellant was assigned to work in Bay 1 with Work Leader F.C. but that he failed to follow F.C.'s instruction to obtain caulk from a paint locker located near another bay and instead was seen switching the brake lines on an explosives-hauling truck. *Id.* The second specification alleges that, by switching the brake lines to the reverse position, the appellant made it unsafe for the truck to transport the explosives and that he violated Navy rules by switching the brake lines when he was not tasked to do so and had no reason to be on, near, or performing any maintenance on the trucks. *Id.* at 32. The third specification alleges again that the appellant had no reason to be on, near, or in the truck in question and that his actions violated safety protocols. *Id.*

¶7 At the hearing, the appellant testified that he did not switch the brake lines as alleged in the first charge. IAF, Tab 28, Hearing Compact Disc (HCD) 4

(testimony of the appellant). He also argued that F.C. fabricated the factual allegations underlying the charge and that he was not even assigned to work with F.C. in Bay 1 on the date of the alleged brake-switching incident. *Id.*; IAF, Tab 16 at 25-26. Rather, he asserted that he had worked with another Work Leader, M.M., in Bay 2. IAF, Tab 16 at 25-26; HCD 4 (testimony of the appellant). To support this contention, the appellant submitted a signed statement by his supervisor, dated January 13, 2015, asserting that the appellant "did not report to Team Leader [F.C.] on May 28, 2014," and that, "since the week of May 19th, 2014, [the appellant] was reassigned to Bay 2 from Bay 1 at building 940." IAF, Tab 9 at 5.

¶8      In the initial decision, the administrative judge considered the hearing testimony and record evidence and concluded that the agency proved the factual allegations as set forth in the failure to follow instructions charge, including its allegation that the appellant was assigned to work with F.C. in Bay 1 on May 28, 2014. ID at 3-16. In reaching this determination, the administrative judge found that F.C.'s testimony that the appellant was assigned to work with him on the day in question was more credible than the appellant's denial, explaining that F.C.'s testimony was very detailed and consistent with his prior contemporaneous statement, while the appellant's testimony about where he was working that day was "notably vague." ID at 9 (citing IAF, Tab 12 at 19). The administrative judge also found that F.C.'s version of events was corroborated by an April 29, 2015 statement written by the appellant's supervisor, in which he stated that he had assigned the appellant to work with F.C. in Bay 1 on May 28, 2014, because F.C.'s regular work partner was having a "Phase II (physical)" on that day. *Id.*; IAF, Tab 12 at 47. The administrative judge further found probative the fact that the appellant declined to call his supervisor as a witness to challenge his statement that he assigned the appellant to Bay 1 on May 28, 2014, and observed that the appellant's lengthy cross-examination of F.C. did not erode F.C.'s certainty that the appellant was assigned to work with him that day. ID at 9. The

administrative judge noted, moreover, that none of the appellant's witnesses were able to recall where the appellant had worked on the day in question or otherwise discredit F.C.'s testimony on that point. *Id.* Thus, the administrative judge concluded that the appellant was assigned to work with F.C. in Bay 1 on May 28, 2014. ID at 9-10.

¶9 On review, the appellant challenges this finding and submits new evidence to support his contention that he was not assigned to Bay 1 with F.C. on May 28, 2014. PFR File, Tab 1. Specifically, he has provided: (1) an unsworn, signed statement by a now-retired individual named M.M. stating that he was the appellant's assigned Work Leader on May 28, 2014; and (2) two screenshots showing the results of searches on the Department of Transportation (DOT) website for DOT-certified physicians within 25 miles of the agency's facility.[4] *Id.* at 7-9.

¶10 The Board generally will not consider evidence submitted for the first time on review absent a showing that: (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015); 5 C.F.R. § 1201.115(d). Here, although M.M.'s statement and the screenshots postdate the close of the record below, the

---

[4] According to the appellant, the screenshots prove that his supervisor's April 29, 2015 statement is false. As noted above, the parties submitted contradictory unsworn statements by the appellant's supervisor. IAF, Tab 9 at 5, Tab 12 at 47. The supervisor's first statement, dated January 13, 2015, states that the appellant *did not* report to F.C. on May 28, 2014. IAF, Tab 9 at 5. His second statement, dated April 29, 2015, states that he assigned the appellant to work with F.C. in Bay 1 on May 28, 2014, because F.C.'s regular work partner was out that day having a phase II physical. IAF, Tab 12 at 47. The appellant contends that the screenshots establish that the only DOT-certified physician who could have performed a phase II physical on F.C.'s regular work partner was Dr. Combs but that, because Dr. Combs only worked on Tuesdays, it was impossible that F.C.'s regular work partner received a phase II physical on May 28, 2014—a Wednesday. PFR File, Tab 1 at 4, 8-9; IAF, Tab 23 at 8.

information contained in both documents was clearly available before the record closed. The appellant asserts, however, that he could not have provided M.M.'s statement below because "many employees at the time of discovery feared losing their jobs and did not want to give a statement on my behalf." PFR File, Tab 1 at 4-6. Regarding the screenshots of the DOT-certified physician search results, the appellant contends that he was "unaware of the DOT website at the time of the hearing." *Id.* at 4. The appellant has failed to show, however, that he undertook any efforts below, much less exercised due diligence, to obtain the information presented for the first time on review. His mere assertions that employees were too fearful to provide statements in support of his appeal and that he was unaware of a Government website containing publicly available information are insufficient to meet his burden of showing that he exercised due diligence. In addition, the appellant specifically withdrew his request for his supervisor and M.M. to testify at the hearing. IAF, Tab 20 at 5. Accordingly, we decline to consider this evidence presented for the first time on review.[5]

¶11 The appellant also argues on review that the agency failed to produce all of the May 28, 2014 scan sheets for Building 940 during discovery and that these

---

[5] The appellant's new evidence is also insufficient to warrant an outcome different than that of the initial decision. *See Cleaton*, 122 M.S.P.R. 296, ¶ 7. The screenshots, one of which is partially covered by a post-it note that obscures the search criteria, do not prove that F.C.'s regular work partner could not have obtained a phase II physical on the day in question from someone other than Dr. Combs. PFR File, Tab 1 at 8-9. The screenshots also do not preclude the possibility that Dr. Combs was available on the day in question, even though he typically did not work on Wednesdays. *Id.* Furthermore, even if the appellant proved that F.C.'s regular work partner did not obtain a phase II physical on the day in question, that detail on its own would be insufficient to warrant a different finding than that reached by the administrative judge on the dispositive issues. Likewise, M.M.'s unsworn statement, which conflicts with the other evidence of record and hearing testimony found to be credible by the administrative judge, does not warrant a different outcome than that of the initial decision. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must defer to an administrative judge's credibility determinations when they are based on observing the demeanor of witnesses testifying at a hearing unless there are "sufficiently sound" reasons to overturn such determinations).

documents would show that he scanned material in Bay 2 on May 28, 2014, and prove that he was not assigned to Bay 1 on that date, as alleged by the agency. PFR File, Tab 1 at 3, 5. As noted by the agency, the appellant raised this same argument in his June 10, 2015 motion for sanctions. PFR File, Tab 3 at 7; IAF, Tab 21. The agency responded to the appellant's motion for sanctions below, asserting that it had provided the appellant with copies of all of the scan sheets for Building 940 from May 28, 2014, and attaching copies of those documents, which became part of the record. IAF, Tab 22. During the hearing, the administrative judge denied the appellant's motion for sanctions, finding that the agency had not failed to produce discoverable scan sheets. HCD 4 (ruling of the administrative judge). In so finding, the administrative judge credited the hearing testimony of J.H., the Ordnance Operations Manager, who testified that the agency had produced all of the scan sheets from Bay 1, Bay 2, and Bay 3 of Building 940 that were created on May 28, 2014, and explained their contents. HCD 4 (testimony of J.H.); IAF, Tab 30 at 74-92, 103. The appellant has provided no reason on review to disturb the administrative judge's decision to deny his motion for sanctions or his finding that the agency produced the discoverable scan sheets. *Defense Intelligence Agency v. Department of Defense*, 122 M.S.P.R. 444, ¶ 16 (2015) (stating that administrative judges have broad discretion to regulate the proceedings before them, including the authority to rule on discovery motions and to impose sanctions as necessary to serve the ends of justice); 5 C.F.R. § 1201.43(a).

¶12 Furthermore, contrary to the appellant's argument below and on review that the purported additional scan sheets would provide information regarding which bay and work leader he was assigned to on May 28, 2014, both F.C. and J.H. testified that scan sheets do not contain that type of information. HCD 4 (testimony of F.C. and J.H.); IAF, Tab 30 at 55, 103. As noted above, the administrative judge found both of these agency witnesses to be credible, and the appellant has provided no reason to disturb this finding or to suspect that there

are additional scan sheets with information different than those already provided by the agency. *See Haebe*, 288 F.3d at 1301; ID at 9; HCD 4.

¶13 The appellant's remaining arguments concerning the administrative judge's findings regarding the failure to follow instructions and failure to maintain a condition of employment charges constitute mere disagreement with the administrative judge's well-reasoned findings and credibility determinations and provide no basis to disturb the initial decision. *See Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 16 (2016) (finding that mere disagreement with the administrative judge's implied credibility findings provides no basis for disturbing the initial decision); *Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶ 9 (2011) (finding that mere disagreement with an administrative judge's explained findings is not a basis to grant a petition for review).

¶14 Finally, the appellant has not challenged the administrative judge's findings regarding nexus between the sustained charges and the efficiency of the service, the reasonableness of the penalty, or the appellant's affirmative defenses, PFR File, Tab 1, and we discern no reason to disturb them.[6] *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106-07 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

---

[6] In finding that the penalty was reasonable, the administrative judge determined that the appellant failed to prove his disparate penalties claim. ID at 21-23. Our decision in *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 10, 13-14, issued after the initial decision in this appeal, clarifies that, in assessing a claim of disparate penalty, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. There is no evidence in the record to indicate that the agency did so in this case.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: /s/ for
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.